UNITED STATES of America, Petitioner-Appellee,

v.

William A. MALIS, as a partner of Malis Investments, and Malis Investments, a partnership, defendant-appellant.

No. 83–5611.

United States Court of Appeals, Ninth Circuit.

Submitted March 14, 1984.

Decided July 20, 1984.

Charles E. Brookhart, Terry L. Fredricks, Glenn L. Archer, Jr., Michael L. Paup, Dept. of Justice, Washington, D.C., for petitioner-appellee.

Gregory A. Wedner, Bergman & Wedner, Inc., Los Angeles, Cal., for defendant-appellant.

Before CHOY, NELSON, and CANBY, Circuit Judges.

PER CURIAM:

Malis Investments ("Investments") and William A. Malis, a partner of Investments, appeal the district court's order enforcing an Internal Revenue Service ("IRS") summons. The summons directs Malis to produce books and records used to prepare Investments' 1978 and 1979 federal tax returns. Malis claims that the act of producing these records will violate his fifth amendment privilege against self-incrimination.

■ The resolution of Malis' claim depends first on the entity status of Investments and the capacity in which Malis holds its records. It is well established that an individual may not assert the fifth amendment privilege to avoid producing the records of a collective organization where he possesses such records in a representative capacity. *Bellis v. United States*, 417 U.S. 85, 88, 94 S.Ct. 2179, 2183, 40 L.Ed.2d 678 (1974). In *Bellis* itself, the Court applied this rule to a partner in a small law firm faced with a subpoena requiring production of the partnership's financial records. *Id.* at 101, 94 S.Ct. at 2189.

The government contends that Investments is a partnership of Malis and his wife, and that the IRS summons seeks only partnership records. Malis asserts that Investments exists solely as a tax reporting entity for his legal practice, which he wholly manages and controls. At the hearing to show cause to enforce the summons, the district court made a one-sentence finding that Investments "is a separate entity with an institutional identity apart from William A. Malis and his wife individually." Malis argues that, at a minimum, he was entitled to an evidentiary hearing on this issue. We review the district court's decision not to conduct such a hearing for an abuse of discretion. *See United States v. Stuckey*, 646 F.2d 1369, 1373 (9th Cir.1981), *cert. denied*, 455 U.S. 942, 102 S.Ct. 1436, 71 L.Ed.2d 653 (1982).

*Bellis* discussed at length the factors which determine whether an entity is separate from its creator and whether records are held in a representative capacity. The Court indicated that the institutional nature of an organization will depend on the length of its existence, its organizational structure, how it holds itself out to third parties, and its status under applicable state law. *Bellis*, 417 U.S. at 95–97, 94 S.Ct. at 2186–2187. In a similar manner, the status of the records and the person who holds them will turn on the character of the records themselves, the manner in which they are kept, and the respective rights of the recordholder and others in the records under state law. *Id.* at 97–100, 94 S.Ct. at 2187–2189. The district court's one-sentence finding does not indicate whether any of these factors was considered.

■ Moreover, a taxpayer needs to present only a "minimal" amount of evidence at the hearing to show cause to become entitled to an evidentiary hearing.

*See Stuckey,* 646 F.2d at 1372. Malis' affidavits allege facts from which it may be inferred that Investments is a sole proprietorship.[1] Malis asserts that Invest-ments exists solely as a tax reporting device for his sole practitioner law practice, and that his wife is at most a nominal partner. Furthermore, he claims that all funds accounted for by Investments as well as all the documents sought by the IRS relate to his legal practice. In light of this showing, we hold that the district court abused its discretion by failing to conduct an evidentiary hearing.[2] *See, e.g., United States v. Alderson,* 646 F.2d 421, 422 (9th Cir.1981) (evidentiary hearing held on question whether institution had identity independent of its members).

REVERSED AND REMANDED.

---

1. The government argues that the partnership tax returns filed by Investments since 1974 are dispositive of its entity status. This court has held, however, that "[an organization] may possess certain characteristics that affect the way it is treated for federal tax purposes, but its treatment for tax purposes is largely irrelevant to the determination of whether it is an organization separate and apart from its creator." *In re Grand Jury Proceedings,* 633 F.2d 754, 757 (9th Cir.1980).

2. If the district court decides on the basis of the hearing that Investments is a sole proprietorship, the resolution of Malis' fifth amendment claim will then depend on whether the act of producing the summoned documents would amount to testimonial self-incrimination. *See United States v. Doe,* ⸻ U.S. ⸻, 104 S.Ct. 1237, 1242–43, 79 L.Ed.2d 552 (1984).