**In re GRAND JURY SUBPOENA.**

**Appeal of Glenn C. LINCOLN,
Jr., Appellant.**

**Nos. 85–2407, 85–2408.**

United States Court of Appeals,
Fifth Circuit.

July 30, 1985.

---

Robert A. Jones, William B. Butler, Houston, Tex., for appellant.

Henry K. Oncken, Mike Brown, Asst. U.S. Atty., Houston, Tex., for appellee.

Before RUBIN and REAVLEY, Circuit Judges, and POLOZOLA *, District Judge.

REAVLEY, Circuit Judge:

Glenn C. Lincoln, Jr. refuses to comply with a grand jury subpoena directing him to produce records of eight organizations. He appeals the district court's denial of his motion to quash and his application to enjoin the Internal Revenue Service from seeking to force the production of records, and also appeals that court's order holding him in contempt and ordering him into custody until he purges himself by compliance with the subpoena. We affirm.

■ Lincoln's argument is based entirely on the Supreme Court's decision in *United States v. Doe*, 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984), holding that the act of producing the records of a sole proprietorship had testimonial significance and could not be compelled over Fifth Amendment objection. We see *Doe* as applicable to the records of a sole partnership but not to the records of a collective entity held in a representative capacity. The difference was fully explained by the Supreme Court in *Bellis v. United States*, 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974), and we see no reason to believe the Supreme Court has rejected the holding or writing of *Bellis*. *See In Re Grand Jury Proceedings (Vargas)*, 727 F.2d 941 (10th Cir.), *cert. denied*, —— U.S. ——, 105 S.Ct. 90, 83

* District Judge of the Middle District of Louisi-

L.Ed.2d 37 (1984); *United States v. Malis*, 737 F.2d 1511 (9th Cir.1984).

■ The subpoena, to which the district court's attention and orders were directed, duplicated a prior subpoena but added, in handwriting, to the list of organizations "any other entities in which you have control for the period Jan. 1, 1980 through January 31, 1984." What has been said does not apply to this feature of the subpoena. If the identification of an entity as one in which Lincoln had control would tend to incriminate him or furnish a link in the chain of evidence needed to prosecute him, that communicative disclosure would be protected by the Fifth Amendment privilege. *Doe*, 465 U.S. at ——, 104 S.Ct. at 1242.

AFFIRMED as to all parts of the subpoena except the "other entities" phrase discussed in the last paragraph. REMANDED for further proceedings, if the United States seeks to compel delivery of documents of the "other entities," but not to delay compliance with the remainder of the subpoena.