**In re GRAND JURY SUBPOENA**

**Witness: Calvin Shuler, President Beechgap, Inc.**

**No. GJ 85–5.**

United States District Court, N.D. Georgia, Atlanta Division.

April 24, 1986.

further instructed that, if he felt that the production of these records would be incriminatory, he or the corporation could appoint either another employee or an entirely new agent to produce and authenticate the requested records without incriminating himself. Immediately thereafter, the petitioner filed the instant motion.

Subsequently, Mr. Shuler's attorney attempted to resolve the issue by agreement. Counsel offered to turn over the requested documents to the government. However, because she refused to authenticate the documents, the government declined the offer.

■ Generally, a corporate representative or agent cannot claim a fifth amendment privilege against producing corporate documents, whether or not they were prepared by him, regardless of the incriminating nature of the information they contain. *Bellis v. United States*, 417 U.S. 85, 88–89, 94 S.Ct. 2179, 2183, 40 L.Ed.2d 678 (1974); *Hale v. Henkel*, 201 U.S. 43, 26 S.Ct. 370, 50 L.Ed. 652 (1906). This is the norm regardless of the size of the corporation. *Bellis*, 417 U.S. at 100, 94 S.Ct. 2189. *See United States v. Shlom*, 420 F.2d 263, 265–66 (2d Cir.1969) (the representative of a solely-owned corporation cannot assert a fifth amendment privilege in the face of a subpoena). The movant does not question this authority. The movant does not contend that the contents of the requested documents are privileged. This is supported by the fact that Mr. Shuler's counsel attempted to deliver the subpoenaed documents to the government. Rather, the movant contends that it is the "act of production" of the documents by Mr. Shuler that will violate his fifth amendment rights.

■ The "act of production" rule has its genesis in *Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976). Before *Fisher*, the prevailing rule of *Boyd v. United States*, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886), was that an individual's private papers were protected from subpoena under the fifth amendment. In *Fisher*, the Supreme Court reconsidered

---

## ORDER OF COURT

MOYE, Chief Judge.

The above-styled action is before this Court on the petitioner's motion to quash a Grand Jury Subpoena pursuant to Federal Rule of Criminal Procedure 17(c).

On or about January 22, 1986, a grand jury subpoena duces tecum was issued to Calvin Shuler, president of Beechgap, Inc. The subpoena called for the production of corporate business records. However, both Mr. Shuler and Beechgap, Inc., are potential targets of the grand jury investigation.

Mr. Shuler appeared before the grand jury on February 18, 1986, and, relying on his fifth amendment privilege, declined to provide the records. He was instructed to return to the grand jury the following day with the subpoenaed documents. He was

the *Boyd* rule and held that the contents of preexisting personal records are not protected by the fifth amendment privilege. However, in dictum, the Court stated:

> The act of producing evidence in response to a subpoena nevertheless has communicative aspects of its own, wholly aside from the contents of the papers produced. Compliance with the subpoena tacitly concedes the existence of the papers demanded and their possession and control by the [person subpoenaed]. It also would indicate the [person subpoenaed's] belief that the papers are those described in the subpoena. *Curcio v. United States,* 354 U.S. 118, 125, 1 L.Ed.2d 1225, 77 S.Ct. 1145 [1150] (1957).

*Fisher,* 425 U.S. at 410, 96 S.Ct. at 1581.

The "act of production" rule served as the basis of the Supreme Court's holding in *United States v. Doe,* 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984). In *Doe,* the Court held that the production of the documents in question, which were the business records of a sole proprietorship, was protected by the fifth amendment privilege. The movant argues that the underlying substance of *Doe* and *Fisher* compels the conclusion that, under the facts of this case, production of the subpoenaed documents would be tantamount to a compelled, testimonial and self-incriminating act on the part of Calvin Shuler. This Court disagrees.

In a case closely analogous to the case at bar, the Second Circuit held that,

> even if the situation is unusual and a corporation's custodian of records would incriminate himself if he were to act to produce the company's records, this still does not relieve the corporation of its continuing obligation to produce the subpoenaed documents. *United States v. Barth,* 745 F.2d 184, 189 (2d Cir.1984), *cert. denied,* —— U.S. ——, 105 S.Ct. 1356, 84 L.Ed.2d 378 (1985). In such a situation the corporation must appoint some other employee to produce the records, and if no existing employee could produce records without incriminating himself by such an act, then the

corporation may be required to produce the records by supplying an entirely new agent who has no previous connection with the corporation that might place him in a position where his testimonial act of production would be self-incriminating. *Id.* There simply is no situation in which the Fifth Amendment would prevent a corporation from producing records, for the corporation itself has no Fifth Amendment privilege. *See id.*

*In Re Two Grand Jury Subpoenae Duces Tecum,* 769 F.2d 52, 57 (2d Cir.1985). *See also Fisher,* 425 U.S. 391, 411–12, 96 S.Ct. at 1581 ("This Court has also time and again allowed subpoenas against the custodian of corporate documents or those belonging to other collective entities such as unions and partnerships and those of bankrupt businesses over claims that the documents will incriminate the custodian despite the fact that producing the documents tacitly admits their existence and their location in the hands of the possessor."); *In Re Grand Jury Subpoenas Issued To Thirteen Corps.,* 775 F.2d 43 (2d Cir.1985). Furthermore, this Court rejects the movant's insinuations that *Doe* has overruled or limited *Bellis.* Nothing in the *Doe* opinion warrants this conclusion. This Court agrees with the Second Circuit that, "[t]he entire *Doe* case is predicated on the fact that the documents at issue are documents of sole proprietorships, not corporate documents." *In Re Two Grand Jury Subpoenae Duces Tecum,* 769 F.2d at 58. *See also United States v. Malis,* 737 F.2d 1511 (9th Cir.1984); *In re Grand Jury Proceedings (Vargas),* 727 F.2d 941 (10th Cir.), *cert. denied sub nom. Vargas v. United States,* —— U.S. ——, 105 S.Ct. 90, 83 L.Ed.2d 37 (1984); *In re Grand Jury Proceedings (Morganstern),* 771 F.2d 143 (6th Cir.) (en banc), *cert. denied,* —— U.S. ——, 106 S.Ct. 594, 88 L.Ed.2d 574 (1985); *In re Grand Jury Subpoena,* 767 F.2d 1130 (5th Cir.1985). *Contra In re Grand Jury Matter (Brown),* 768 F.2d 525 (3rd Cir.1985) (en banc). This Court believes that had the Supreme Court meant to overrule a line of authority dating back to 1906, it would have done so explicitly.

As used against the corporation, the government's argument has merit. By producing the requested records, the movant "would not be attesting to his personal possession of them but to their existence and possession by the corporation, which is not entitled to claim a fifth amendment privilege with respect to them," *In re Grand Jury Subpoena Duces Tecum dated June 13, 1983 and June 22, 1983*, 722 F.2d 981, 1986 (2nd Cir.1983). However, if the government were to attempt to implicate Mr. Shuler in any subsequent proceedings brought against him in his individual capacity on the basis of the act of production by him, such evidence would be subject to a motion to suppress because it would seek to add testimonial value to an otherwise testimony-free act of production. *In re Grand Jury Subpoena*, 784 F.2d 857, 861 (8th Cir.1986); *In re Grand Jury Proceedings (Morganstern)*, 771 F.2d at 148.

Under the circumstances, the Court feels that the government acted properly by requesting Mr. Shuler to appoint an agent to produce and to authenticate the requested documents rather than seeking to compel Mr. Shuler personally to do so. *See In re Grand Jury Matter (Brown)*, 768 F.2d at 529 ("Where a witness is required to authenticate records, most business entities will have agents who can provide the testimony without self-incrimination."); *Curcio v. United States*, 354 U.S. at 125, 77 S.Ct. at 1150 ("Requiring the custodian to identify or authenticate the documents for admission in evidence merely makes explicit what is implicit in the production itself. The custodian is subjected to little, if any, further danger of incrimination."); *In re Grand Jury Subpoenas Issued To Thirteen Corps.*, 775 F.2d at 48 ("we do not share [movant's] view that appointment of an outsider would necessarily involve [movant] in self-incrimination."); *In re Two Grand Jury Subpoenae Duces Tecum*, 769 F.2d at 57 ("one has a personal fifth amendment privilege to refuse to comply with a subpoena requesting production.... It does not protect an individual from being incriminated by a third party's testimonial act of producing records"). The movant

argues that *In Re Grand Jury 83–8 (MIA) Subpoena Duces Tecum*, 611 F.Supp. 16 (S.D.Fla.1985), compels the opposite result. However, the government in that case insisted that the two custodians themselves, even though both were also Grand Jury targets, produce and authenticate the corporate documents in question. The Court specifically noted that, "the government may use fully the documents against [the movants] in any subsequent criminal proceeding, if it authenticates the documents by a means other than testimony or the act of production by the [movants]." *Id.* at 25.

In sum, for the foregoing reasons, the motion to quash is DENIED.