793 F.2d 1003
 58 A.F.T.R.2d 86-5313, 86-2 USTC P 9581,
21 Fed. R. Evid. Serv. 264
 UNITED STATES of America and Raymond W. Taylor, Special
Agent of the Internal Revenue Service, Petitioners-Appellees,
v.
Kenneth S. VALLANCE, as President of Valrod, Inc. and KSV,
Inc., Respondent-Appellant.
 No. 84-4372.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 3, 1986.
Decided April 10, 1986.
Designated for Publication July 3, 1986.
 
 Laurie Snyder, Charles E. Brookhart, William P. Wang, Dept. of Justice, Washington, D.C., for petitioners-appellees.
 Terrance L. McCauley, Estacada, Or., for respondent-appellant.
 Appeal from the United States District Court for the District of Oregon.
 Before FLETCHER, ALARCON and WIGGINS, Circuit Judges.
 WIGGINS, Circuit Judge.
 
 
 1
 The Internal Revenue Service (IRS) seeks enforcement of a summons it issued to Kenneth S. Vallance to obtain the records of two corporations of which Vallance was an officer and principal owner at the time the summons was issued. Vallance appeared as required by the summons but refused to supply the records, claiming that the summons was overly broad. After the initial meeting, Vallance did not hear from the IRS concerning this matter for almost a year.
 
 
 2
 When the IRS finally contacted Vallance, it demanded that he produce the records as requested in the summons. Vallance again refused, this time on the ground that he had sold the corporations. He alleges that when he did not hear from the IRS concerning the records, he believed it no longer wanted them. According to Vallance, he therefore sold the corporations and does not have control of the records.
 
 
 3
 After Vallance failed the second time to produce the records, the government brought this action in the district court seeking enforcement of the summons under 26 U.S.C. Secs. 7402(b) and 7604(a) (1982). A hearing on Vallance's ability to comply with the summons was held. The district court ordered the summons enforced. Vallance appeals that order.
 
 
 4
 An order enforcing an IRS summons is a final appealable order. Reisman v. Caplin, 375 U.S. 440, 449, 84 S.Ct. 508, 513, 11 L.Ed.2d 459 (1964); United States v. Church of Scientology, 520 F.2d 818, 821 (9th Cir.1975). We therefore have jurisdiction under 28 U.S.C. Sec. 1291 (1982).
 
 
 5
 We apply the clearly erroneous standard of review to this IRS summons enforcement proceeding, Ponsford v. United States, 771 F.2d 1305, 1308 (9th Cir.1985), and we affirm.
 
 
 6
 At the summons enforcement hearing, the government presented an affidavit and records that support its contention that Vallance's sale of the corporations was a paper transaction. In response, Vallance presented only his own statement that he sold the businesses. The district court determined that the government had made a prima facie showing that Vallance had control of the records and that Vallance's mere statement that he had sold the corporations was not enough to overcome that showing. After the district court announced its decision to enforce the summons, Vallance's attorney said that he could produce records (presumably to prove the sale). The district court noted that Vallance had his opportunity to present evidence at the hearing and failed to do so.
 
 
 7
 We agree with the district court that Vallance had his opportunity to present evidence at the summons enforcement proceeding, and he chose not to do so. Given the lack of evidence in support of Vallance's claim that he does not have control of the records, it was not clear error for the court to enforce the summons. However, should civil contempt proceedings ultimately be brought to compel Vallance to produce the records, he may assert a present inability to comply with the summons as a defense to those proceedings. See United States v. Rylander, 460 U.S. 752, 757, 103 S.Ct. 1548, 1552, 75 L.Ed.2d 521 (1983).
 
 
 8
 Vallance also asserts a fifth amendment privilege against compliance with this IRS summons. This assertion fails. An individual may not assert the fifth amendment privilege against self incrimination to avoid producing corporate records which he possesses in a representative capacity. United States v. Malis, 737 F.2d 1511, 1512 (9th Cir.1984) (per curiam).
 
 
 9
 The Supreme Court's decision in United States v. Doe, 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984), relied on by Vallance, is not to the contrary. In Doe, the Supreme Court simply held that the act of producing records may be testimonial and therefore privileged under the fifth amendment. Id. at 612-13, 104 S.Ct. at 1242. Because Doe involved the subpoena of business records of a sole proprietor, id. at 606, 104 S.Ct. at 1239, the Court did not discuss whether a custodian of corporate records is protected by the fifth amendment. Malis, which was decided after and makes reference to Doe, makes it clear that Doe did not overrule the "well established [rule] that an individual may not assert the fifth amendment privilege to avoid producing the records of a collective organization where he possesses such records in a representative capacity." Malis, 737 F.2d at 1512, 1513 n. 2.
 
 
 10
 The district court's order enforcing the IRS summons is AFFIRMED.