**UNITED STATES of America**

**v.**

**Homer McDONALD, Jr., et al.**

**Crim. No. CR–85–21–G.**

United States District Court,
N.D. Georgia,
Gainesville Division.

Feb. 12, 1987.

Don O. Burley, Andrew E. Clark, Asst. U.S. Attys., Washington, D.C., for U.S.

Douglas W. McDonald, Cornelia, Ga., for defendant.

## MEMORANDUM OPINION

O'KELLEY, District Judge.

Following a hearing on February 6, 1987, the court denied the defendant Homer McDonald, Jr.'s motion to suppress or, in the alternative, to limit the use of grand jury testimony he gave in the process of delivering documents requested pursuant to two grand jury subpoenas. The defendant Homer McDonald, Jr. seeks to suppress the testimony based upon his contention that its use would violate his fifth amendment privilege against self-incrimination. After review of the defendant's motion and the evidence presented at trial prior to the February 6, 1987 hearing, the court concludes that the defendant's testimony was not "compelled" within the meaning of the fifth amendment and that its use, therefore, would not violate the defendant's privilege against self-incrimination.

■ The fifth amendment is violated when a criminal defendant "is [1] compelled to make a [2] testimonial communication that is [3] incriminating." *Fisher v. United States,* 425 U.S. 391, 408, 96 S.Ct. 1569, 1579, 48 L.Ed.2d 39 (1976). It is a clearly established principle of fifth amendment law that "an individual may not claim the fifth amendment privilege against compulsory self-incrimination to withhold documents of a collective entity held in a representative capacity." *In re Grand Jury Subpoena Duces Tecum (Ackerman),* 795 F.2d 904, 907 (11th Cir.1986); *see also Bellis v. United States,* 417 U.S. 85, 88, 94 S.Ct. 2179, 2182, 40 L.Ed.2d 678 (1974). The defendant Homer McDonald, Jr. has not contended before this court that the records requested in the subpoenas are not corporate documents held in a representative capacity or that the defendant McDonald Chevrolet-Olds., Inc. is a sole proprietorship and protected under the exception carved out of the general rule by *United States v. Doe,* 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984). Thus, there is no doubt that the grand jury could subpoe-

na the corporate records of the defendant McDonald Chevrolet-Olds., Inc. and that the defendant Homer McDonald, Jr. could not invoke his fifth amendment privilege against self-incrimination to prevent the production of those documents. *In re Grand Jury Subpoena Duces Tecum (Ackerman),* 795 F.2d at 907.

■ Likewise, there is no doubt that the grand jury could *personally* require the defendant Homer McDonald, Jr. to produce the corporate documents and to identify the documents so produced as being those requested. *In re Agan,* 498 F.Supp. 493, 496 (N.D.Ga.1980). However, when an individual is *personally* (or through his attorney) directed or ordered to produce and identify corporate documents that might incriminate that individual, any later attempt by the government to implicate that individual on the basis of his act of production or his accompanying testimony is subject to a motion to suppress. *See, e.g., In re Grand Jury Subpoena (85–W–71–5),* 784 F.2d 857, 861 (8th Cir.1986); *In re Grand Jury Proceedings (Morganstern),* 771 F.2d 143, 148 (6th Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 594, 88 L.Ed.2d 574 (1986); *In re Grand Jury Subpoenas Served on J. Denis Jackson, et al.,* (Grand Jury 85–4) (April 29, 1986 Shoob, J.); *In re Grand Jury 83–8 (MZA) Subpoenas Duces Tecum,* 611 F.Supp. 16, 24 (S.D.Fla.1985). *See also United States v. Authement,* 607 F.2d 1129, 1131 n. 1 (5th Cir.1979) ("proper inquiry when material has been transferred to an attorney for the purpose of legal advice and the subpoena is directed to the attorney, then, is whether the subpoena, *if directed to the client himself [or herself],* would require (1) compulsion of a (2) testimonial communication that is (3) incriminating") (emphasis added).

In the instant case, therefore, the court must determine from the facts whether the defendant Homer McDonald, Jr. was *personally* required to produce the corporate documents. The evidence before the court shows that the defendant Homer McDonald, Jr. appeared before the grand jury

on numerous occasions pursuant to two subpoenas that had been issued either to the defendant McDonald Chevrolet-Olds., Inc. or to the "custodian of records" of the defendant McDonald Chevrolet-Olds., Inc. Neither of the subpoenas specifically named the defendant Homer McDonald, Jr. Regarding the first subpoena, a motion to quash the subpoena was filed by Homer McDonald, Jr. in which he asserted his fifth amendment privilege against self-incrimination. By order of District Court Judge G. Ernest Tidwell dated March 18, 1983, the motion to quash was denied and the "authorized custodian of the records of McDonald Chevrolet and Oldsmobile, Inc. ... [was] directed to respond to the subpoena at 9:30 a.m. on March 22, 1983, and to produce the documents requested in the subpoena and to give limited oral testimony, including his name, address, and whether specific documents have been produced." No reference to the defendant Homer McDonald, Jr. was made in Judge Tidwell's order. The defendant Homer McDonald, Jr. appeared before the grand jury on March 22, 1983, but refused to answer any questions concerning the documents requested under the subpoena.

The defendant was then taken before District Court Judge Orinda D. Evans. While the court has not been provided with a written order by or a transcript of the proceedings before Judge Evans, it appears that she found the defendant McDonald Chevrolet-Olds., Inc. and the defendant Homer McDonald, Jr. to be in contempt of court and stated that she would fine the defendant McDonald Chevrolet-Olds., Inc. $1,000.00 per day and would require the defendant Homer McDonald, Jr., as the president and representative of the defendant McDonald Chevrolet-Olds., Inc., to be incarcerated until the defendant McDonald Chevrolet-Olds., Inc. complied with the subpoena. Judge Evans refused to stay the contempt finding or allow the defendant Homer McDonald, Jr. to be released on bond pending an appeal to the Eleventh Circuit. The defendant Homer McDonald, Jr. then agreed to appear before the grand jury and testify concerning the requested documents in order to purge the contempt.

Defendant Homer McDonald, Jr.'s conduct relating to the second subpoena followed a similar series of events. He again filed a motion to quash the subpoena which was denied by District Court Judge Robert H. Hall by order dated March 28, 1984. In his order, Judge Hall directed the defendant McDonald Chevrolet-Olds., Inc.'s "custodian of records" to "produce the requested documents and give whatever auxiliary testimony is necessary both to establish that a full and complete search for responsive documents was made and to identify and authenticate all documents that are produced." No reference was made to the defendant Homer McDonald, Jr. in Judge Hall's order. After Judge Hall's order, the defendant Homer McDonald, Jr. appeared before the grand jury but again refused to testify.

The matter was then taken before Judge Hall on a motion for contempt. As with Judge Evans' finding of contempt, this court has not been provided with any written order by or transcript of the proceedings before Judge Hall. Apparently Judge Hall found the defendant McDonald Chevrolet-Olds., Inc. and the defendant Homer McDonald, Jr. as its representative to be in contempt and ordered the defendant Homer McDonald, Jr. to be incarcerated until the defendant McDonald Chevrolet-Olds., Inc. complied with the subpoena. Judge Hall refused to stay the contempt finding or allow the defendant Homer McDonald, Jr. to be released on bond pending appeal to the Eleventh Circuit. The defendant Homer McDonald, Jr. then agreed to return to the grand jury and testify concerning the requested documents in order to purge the contempt. The defendant also returned to the grand jury on March 29, 1984 and produced additional documents.

Under these facts, and in light of the evidence presented at trial, the court concludes that the defendant Homer McDonald, Jr. *voluntarily* appeared before the grand jury as the "custodian of records" of the defendant McDonald Chev-

rolet-Olds., Inc. and, therefore, that his testimony is not protected by the fifth amendment. The court notes (1) that neither of the grand jury subpoenas were directed to the defendant Homer McDonald, Jr. but, rather, were directed to the "custodian of records" of the defendant McDonald Chevrolet-Olds., Inc.; (2) that neither Judge Tidwell nor Judge Hall's orders denying the motions to quash specifically directed that the defendant Homer McDonald, Jr. appear as the "custodian of records" for the defendant McDonald Chevrolet-Olds., Inc.; (3) that even though Judge Evans and Judge Hall found both the defendants McDonald Chevrolet-Olds., Inc. and its president Homer McDonald, Jr. in contempt for failure to comply with the subpoenas issued to the defendant McDonald Chevrolet-Olds., Inc., *see In re Grand Jury Subpoena Duces Tecum (Ackerman)*, 795 F.2d at 907 (officer who appeared before grand jury even though not named in subpoena nor required to produce documents himself found to be in contempt), the finding of contempt apparently could have been purged if *any* person, not specifically the defendant Homer McDonald, Jr., had appeared before the grand jury and complied with the subpoena; (4) that in relation to another subpoena the defendant Margie Watts had appeared as the "custodian of records" of the defendant McDonald Chevrolet-Olds., Inc.; and (5) that the evidence in the record clearly indicates that the defendant McDonald Chevrolet-Olds., Inc., a fully licensed General Motors Dealership with a large number of employees, e.g. salesmen, cashiers, secretaries and part-time secretaries, had several employees other than the defendant Homer McDonald, Jr. at the time the subpoenas were issued who could have searched for, located, produced and identified the documents requested in the grand jury subpoenas.[1]

The defendant Homer McDonald, Jr. chose to appear before the grand jury even though the subpoenas and court orders were directed to the "custodian of records" of the defendant McDonald Chevrolet-Olds., Inc. If the court granted defendant Homer McDonald, Jr.'s motion to suppress, it would have the effect of allowing a corporate officer to shield himself from any identifying testimony as to the corporate documents by naming himself as the custodian of the corporation's records. *In re Grand Jury Subpoena Duces Teum (Ackerman)*, 795 F.2d at 906.

Because at all times relevant to the two grand jury subpoenas another employee or agent of the defendant McDonald Chevrolet-Olds., Inc. could have stepped forward to produce and testify concerning the corporate documents, the defendant Homer McDonald, Jr. was not "compelled" to testify within the meaning of the fifth amendment.

The circumstances relating to defendant Homer McDonald, Jr.'s compliance with the March 1983 and 1984 subpoenas are in sharp contrast to the circumstances relating to his compliance with the January, 1987 trial subpoena. According to the evidence, at the time the trial subpoena was issued the defendant McDonald Chevrolet-Olds., Inc. was out of the dealership business and the defendant Homer McDonald, Jr. was the sole person in possession of the remaining corporate documents. No other person was in a position to step forward and comply with the subpoena. In order to obtain compliance with the trial subpoena, this court then *specifically* ordered the defendant Homer McDonald, Jr. to produce the documents and testify as to the identity of those documents. This testimony, unlike that before the grand jury, was specifically compelled and would properly be subject to a motion to suppress.

Accordingly, because the defendant Homer McDonald, Jr. *voluntarily* appeared before the grand jury as the "custodian of

---

1. Additionally, even if no existing employee of the defendant McDonald Chevrolet-Olds., Inc. could have produced the documents without incriminating himself or herself, then the defendant McDonald Chevrolet-Olds., Inc. could have appointed an entirely new agent who has had no previous connection with it to locate and produce the records. *In re Grand Jury Subpoenae Duces Tecum,* 769 F.2d 52, 57 (2d Cir.1985).

records" for the defendant McDonald Chevrolet-Olds., Inc., his testimony was not "compelled" within the meaning of the fifth amendment privilege against self-incrimination. The court therefore denies the motion of Homer McDonald, Jr. to suppress his testimony given before the grand jury.