818 F.2d 30
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES and Special Agent Gail R. Kohorst of the
Internal Revenue Service, Plaintiff-Appellees,
v.
DARWIN CONSTRUCTION COMPANY, INC.; Lester J. Robinson,
Defendant-Appellants.
 No. 86-3992.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 3, 1987.
Decided April 24, 1987.
 
 Before RUSSELL and ERVIN, Circuit Judges, and SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation.
 Randall James Turk (R. Stan Mortenson; Mary L. Lyons; Miller, Cassidy, Larroca & Lewin; Price O. Gielen; Melnicove, Kaufman, Weiner & Smouse, P.A., on brief), for appellants.
 William Anthony Whitledge (Roger M. Olsen, Assistant Attorney General; Michael L. Paup; Charles E. Brookhart; Breckinridge L. Willcox, United States Attorney, on brief), for appellees.
 PER CURIAM:
 
 
 1
 Darwin construction Company and its president and sole shareholder, Lester J. Robinson, appeal from an order of the district court holding Darwin Construction Company in contempt of court for refusing to produce certain business records pursuant to a summons from the Internal Revenue Service.[1] The summons was issued to the company for company records, but Robinson sought to assert his personal fifth amendment privilege under the act-of-production doctrine enunciated in United States v. Doe, 465 U.S. 605 (1984), and Fisher v. United States, 425 U.S. 391 (1976). Collective entities, such as corporations, cannot resist subpoenas or summonses on fifth amendment self-incrimination grounds. E.g., Bellis v. United States, 417 U.S. 85, 92-93 (1974); Hale v. Henkel, 201 U.S. 43, 74 (1906). This "collective entities" exception to the fifth amendment has been interpreted to bar a representative of a collective entity from refusing to provide a subpoenaed entity document, even if production would be personally incriminating. E.g., Bellis, 417 U.S. at 88-89, 100. The decisions in Fisher and Doe radically altered the fifth amendment analysis of documentary subpoenas and summonses. Whereas the validity of a subpoena or summons once turned on the contents of the documents that it sought, Fisher and Doe made validity turn on the testimonial and incriminating nature of the act of producing the documents. This is the "act-of-production doctrine."
 
 
 2
 The district court ordered enforcement of the summons on April 16, 1986, noting that no facts before the court at that time required it to reach the question whether the act-of-production doctrine applies to a corporate representative when an IRS summons is served on the corporation. We declined to stay the order enforcing the summons. When Darwin Construction Company still refused to comply, the district court found the company to be in contempt of court, properly relying on this court's decision in United States v. Lang, 792 F.2d 1235 (4th Cir. 1986), cert. denied, 107 S.Ct. 574 (1986). See also Bellis v. United States, 417 U.S. 85, 88 (1974); In re Two Grand Jury Subpoena Duces Tecum, 769 F.2d 52, 57 (2d Cir. 1985); cf. In re Grand Jury Subpoena Duces Tecum (Ackerman), 795 F.2d 904, 904 (11th Cir. 1986)(act-of-production doctrine does not modify the collective entity rule of Bellis); In Re Grand Jury Subpoena (85W-71-5), 784 F.2d 857, 860-61 (8th Cir. 1985)(same), cert. granted sub. nom. See v. United States, 55 U.S.L.W. 3231 (U.S. Oct. 6, 1986), cert. dismissed, 55 U.S.L.W. 3514 (U.S. Jan. 15, 1987)(No. 85-1987); In re Grand Jury Proceedings (Morganstern), 771 F.2d 143, 147 (6th Cir.) (en banc)(same), cert. denied, 106 S.Ct. 594 (1985); In re Grand Jury Subpoena (Lincoln), 767 F.2d 1130, 1131 (5th Cir. 1985)(same); United States v. Malis, 737 F.2d 1511, 1512 (9th Cir. 1984)(same); In re Grand Jury Proceedings (Vargas), 727 F.2d 941, 943-45 (10th Cir.) (same), cert. denied, 469 U.S. 819 (1984). But see In re Grand Jury Matter (Brown), 768 F.2d 525, 528 (3d Cir. 1985)(en banc)(act-of-production doctrine provides a corporate custodian the right to resist production whenever such production would personally incriminate him).[2]
 
 
 3
 This court, along with the United States Court of Appeals for the Second Circuit, has acknowledged that the act-of-production doctrine does affect the collective entity rule of Bellis. See Lang, 792 F.2d at 1240-41; In re Two Grand Jury Subpoenae, 769 F.2d at 57. But "the corporation must comply with the summons through some other person." Lang, 792 F.2d at 1241. The fact that Darwin Construction Company was able to comply with the summons as soon as the contempt order was issued, and apparently without Robinson implicitly testifying to anything, demonstrates the folly of the rule for which Darwin Construction Company contends: if corporations could simply hide behind the personal privileges of their agents, the system of corporate regulation would be significantly impaired.
 
 
 4
 In this case, Darwin Construction Company refused to comply with a judicial order enforcing the IRS summons; thus, the order holding Darwin in contempt was proper. For the reasons stated in Lang and reiterated by the district court in this case, we affirm the order holding Darwin Construction Company in contempt of court.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 The records were turned over to the government after the contempt order was issued. Because the government is still seeking to collect some $45,000 in contempt-related fines, however, a live controversy remains between these parties
 
 
 [2]
 Commentators have questioned whether the rationales underlying the collective entity rule in Bellis remain sound. See, e.g., Mosteller, Simplifying Subpoena Law: Taking the Fifth Amendment Seriously, 73 Va.L. Rev. 1, 74-86 (1987); Note, Organizational Papers and the Privilege Against SelfIncrimination, 99 Harv. L. Rev. 640, 648-54 (2986). We are bound by our decision in Lang, however, and we are not persuaded that the public interest in facilitating the production of records from corporations has either recently evaporated or become less compelling