993 F.2d 885
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America; Samuel Peden, Plaintiffs-Appellees,
v.
Ronald Lee GRAHAM, Patti S. Martin, Defendants-Appellants.
 Nos. 91-36329, 91-36330 and 91-36331.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 4, 1993.
Decided May 24, 1993.
 
 1
 Before: PREGERSON and KLEINFELD, Circuit Judges, and LEGGE, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 The Grahams were being investigated by the IRS for failing to file income tax returns for twelve years. The IRS met with the Grahams, and issued a summons ordering them to produce their financial records. The Grahams did not comply, so a hearing was held in the district court. The court issued an enforcement order on July 3, 1991 compelling the Grahams to comply with the summons and produce the records. The judgment was entered on July 12, 1991, and no appeal was taken. The Grahams went to the IRS office, but claiming Fifth Amendment privilege, refused to produce the records. The district court then reviewed the Grahams' Fifth Amendment claim, rejected it, and issued another order compelling the Grahams to obey the IRS summons on November 20, 1991. The order stated that "[f]ailure to comply with the terms of this Order will result in a finding of contempt." It is from this order that the Grahams appeal.
 
 Appealability of the Order
 
 4
 The government argues that the order is not final and therefore is not appealable. The government does not challenge the settled rule that an "order enforcing an IRS summons is a final appealable order." United States v. Vallance, 793 F.2d 1003, 1005 (9th Cir.1986) (citing Reisman v. Caplin, 375 U.S. 440, 449 (1964)). Rather, the government's claim is that the order in question is subsequent to the order enforcing the IRS summons, and is "a step along the way in the contempt process."
 
 
 5
 We agree that the order is not final and therefore is not appealable. At the time the present order was issued, the court had already issued an order enforcing the IRS summons. That order had not been modified, vacated, or altered in any way, so it was in full effect when the order in question was issued. If the present order were an order enforcing an IRS summons, as the Grahams urge, then it would be redundant. The issue of whether the IRS summons would be judicially enforced had already been resolved by the first order. This distinguishes this case from Vallance, because in that case the order at issue was the only order which purported to enforce the summons. Vallance, 793 F.2d at 1005.
 
 
 6
 In addition, a contempt order is not final until it imposes a sentence or sanction. Steinert v. United States, 571 F.2d 1105, 1107 (9th Cir.1978). The order at issue did not impose either a sentence or a sanction.
 
 
 7
 We therefore find that this order represents the commencement of the contempt process, and as such is not final. We have no jurisdiction under 28 U.S.C. § 1291.
 
 
 8
 DISMISSED.
 
 
 
 *
 The Honorable Charles A. Legge, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3