**In re GRAND JURY SUBPOENA (85-W-71-5).**

No. 85-2171.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 17, 1986.

Decided Feb. 21, 1986.

**858**

James Wyrsch, Kansas City, Mo., for appellant.

Robert B. Schneider, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before McMILLIAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

McMILLIAN, Circuit Judge.

This is an expedited appeal from an order entered in the District Court[1] for the Western District of Missouri denying a motion to quash a subpoena duces tecum. *In re Grand Jury Subpoena,* No. 85–W–71–5 (W.D.Mo. Sept. 17, 1985) (order). For reversal appellant argues that the motion to quash should have been granted because production of the corporate records listed in the subpoena would compel incriminating testimonial communication by her client in violation of the fifth amendment "act of production" doctrine.[2] Appellant also argues that production would violate the attorney-client privilege and the work product privilege. For the reasons dis-

---

1. The Honorable Scott O. Wright, Chief Judge, United States District Court for the Western District of Missouri.

2. As recognized in *Fisher v. United States,* 425 U.S. 391, 410, 96 S.Ct. 1569, 1580, 48 L.Ed.2d 39 (1976), *citing Curcio v. United States,* 354 U.S. 118, 125, 77 S.Ct. 1145, 1150, 1 L.Ed.2d 1225 (1957),

[t]he act of producing evidence in response to a subpoena nevertheless has communicative aspects of its own, wholly aside from the contents of the papers produced. Compliance with the subpoena tacitly concedes the existence of the papers demanded and their possession or control by the taxpayer. It also would indicate the taxpayer's belief that the papers are those described in the subpoena.

cussed below, we affirm the order of the district court.

Appellant is an attorney who has physical possession of certain Westech Corp. records. Westech Corp. is now defunct. Appellant was given the corporate records by her client, intervenor-appellant Alan R. Cunningham, a former officer of Westech Corp., at the time he sought legal advice in connection with certain civil actions pending in state and federal court involving Westech Corp.

During the early 1980s Westech Corp. was the prime contractor for a multi-million dollar Department of Defense construction project at the White Sands Missile Range in New Mexico. A performance bond for the construction project had been issued by Fireman's Fund Insurance Co. The government paid the contract price of over $6.6 million directly to Westech Corp. because Westech Corp. had certified that all its subcontractors and vendors had been paid. Then in 1983 numerous subcontractors began to file claims with Fireman's Fund Insurance Co. under the performance bond. The Defense Contract Audit Agency conducted an audit of the construction project and discovered "major discrepancies" between Westech Corp.'s general ledger and its financial statements. The government auditors suspected that Westech Corp. had submitted false claims to the Department of Defense in connection with the construction project.

A federal grand jury began investigating the alleged submission of false claims and false statements by Westech Corp., Cunningham and others in connection with the White Sands construction project. Thus, Cunningham is a target of the grand jury investigation. The subpoena in question in the present case was issued by the District Court for the Western District of Missouri in March 1985. The subpoena was addressed to appellant and called for testimony and production of certain Westech Corp. records[3] in connection with the White Sands construction project. Appellant filed a motion to quash. The parties agreed that appellant would not have to appear before the grand jury until the district court ruled upon the motion to quash. The district court also granted Cunningham's application to intervene. The records that appellant claims are protected by her client's fifth amendment privilege have not been examined by government auditors.

After a hearing in September 1985, the district court denied the motion to quash. The district court held that because the "act of production" doctrine did not apply to corporate records, Cunningham had no fifth amendment privilege which would be violated by the production of the Westech Corp. records. Infra at 860–61. The district court also held that neither the attorney-client privilege nor work product privilege barred production of the Westech Corp. records by appellant. Slip op. at 6. This appeal followed.

As a preliminary matter, we note that the order denying appellant's motion to quash the subpoena, although interlocutory, is immediately appealable. *E.g., In re Berkley & Co.,* 629 F.2d 548, 551 (8th Cir. 1980); *see In re Two Grand Jury Subpoenae Duces Tecum,* 769 F.2d 52, 54–56 (2d Cir.1985).

> The general rule is that a person to whom a grand jury subpoena is directed cannot appeal from the denial of a motion to quash the subpoena, but must first refuse to comply with the subpoena and litigate his [or her] claims in contempt proceedings.

A well-established exception to this rule, however, permits an individual

---

**3.** The subpoena sought eight categories of corporate records: correspondence and memoranda to and from subcontractors and vendors about the White Sands construction project; labor records, including cancelled payroll checks and payment vouchers, for the project; cost details for any costs charged directly or indirectly to the project; financial statements and adjusting entries and workpapers in support of the certified financial statements for December 1981-February 1984; the general ledger and associated books of account for that period; check registers for that period; bank statements for that period; and contract documents, labor records and cost information for four named Westech Corp. projects.

claiming a privilege or other interest in subpoenaed documents to appeal from an order to produce directed to a third party custodian of the documents. The theory for allowing immediate appeal is that the appellant himself [or herself] cannot resist compliance in order to obtain review in contempt proceedings, and the third party custodian cannot be expected to risk contempt to secure review on his [or her] behalf.

*In re Berkley & Co.*, 629 F.2d at 551 (citations omitted).

Here, if the government had subpoenaed either Westech Corp. or Cunningham directly, instead of appellant, Westech Corp. or Cunningham could have protected any claims of privilege by refusing to comply and by then appealing any subsequent contempt order. However, because the subpoena was addressed to appellant, a third party, an immediate appeal is allowed. Moreover, under *Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976), appellant, as Cunningham's attorney, is in effect asserting her client's fifth amendment privilege. As explained in *United States v. Authement*, 607 F.2d 1129, 1131 n. 1 (5th Cir.1979),

> *Fisher v. United States* ... held that compelled production of documents by way of subpoena from a client's attorney does not implicate the client's fifth amendment privilege because it does not compel the client to do anything. 425 U.S. at 396–01 [96 S.Ct. at 1573–76]. *Fisher* makes clear, however, that as long as the material to be produced would be privileged in the hands of the client, it is also privileged in the hands of the attorney by means of the attorney-client privilege where the transfer was made for the purpose of obtaining legal advice. 425 U.S. at 402–05 [96 S.Ct. at 1576–78]. The proper inquiry when material has been transferred to an attorney for the purpose of legal advice and the subpoena is directed to the attorney, then, is whether the subpoena, if directed to the client himself [or herself], would require (1) compulsion of a (2)

testimonial communication that is (3) incriminating.

Appellant does not contend that the corporate records are themselves privileged. Appellant argues, however, that the very act of producing these records in response to the subpoena would be a compelled, incriminating, testimonial communication by her client Cunningham. Appellant argues that the act of production, plus other circumstantial evidence, could support an inference that Cunningham had guilty knowledge of the potentially incriminating contents of the records and that he removed them from Westech Corp. files to prevent their disclosure. *See In re Grand Jury Subpoenas Duces Tecum*, 722 F.2d 981 (2d Cir.1983); *In re Katz*, 623 F.2d 122 (2d Cir.1980). Appellant contends that the recent decision of the Supreme Court in *United States v. Doe*, 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984), applies to corporate records and supports her argument. Appellant thus argues that the district court should have quashed the subpoena unless the government, by stipulation or by obtaining a grant of immunity pursuant to 18 U.S.C. §§ 6002–6003, agreed to immunize the act of production, or the district court should have modified the subpoena to permit another individual to produce the records.

At oral argument counsel for the government emphasized that the subpoena requires production of only corporate records and stated that, despite the wording of the subpoena form, the subpoena does not require any testimony by appellant. Counsel for the government further stated that the government will not seek authentication of the records by appellant or Cunningham.

The government argues that *United States v. Doe* applies only to the records of sole proprietorships and does not modify the "collective entity" rule, which provides that "an individual cannot rely upon the privilege [against self-incrimination] to avoid producing the records of a collective entity which are in his [or her] possession *in a representative capacity*, even if these records might incriminate him [or her] per-

sonally." *Bellis v. United States,* 417 U.S. 85, 88, 94 S.Ct. 2179, 2183, 40 L.Ed.2d 678 (1974) (emphasis added); *see Hale v. Henkel,* 201 U.S. 43, 74, 26 S.Ct. 370, 378, 50 L.Ed. 652 (1906). The government argues that Cunningham has no fifth amendment privilege to prevent the production of corporate records; as a result, the records are not protected by the attorney-client privilege in appellant's hands as Cunningham's attorney; and, thus, the district court did not err in denying the motion to quash. We agree.

**The Collective Entity Rule**

Normally a corporate representative or agent cannot claim a fifth amendment privilege against producing corporate documents, regardless of whether they contain information incriminating him [or her] or were written by him [or her], and regardless of whether the corporation is large or small. The reason for this is that the corporation itself has no fifth amendment privilege, and the only way to prevent the corporation from shielding its records from a subpoena is to prevent individual corporate representatives from exercising such a privilege with respect to corporate records.

*In re Two Grand Jury Subpoenae Duces Tecum,* 769 F.2d at 56 (citations omitted) ("collective entity" rule); *see also Bellis v. United States,* 417 U.S. at 88–89, 94 S.Ct. at 2182, 2183 (individual partner who held subpoenaed partnership records in a representative capacity for the dissolved partnership could not assert personal fifth amendment privilege); *United States v. White,* 322 U.S. 694, 699–700, 64 S.Ct. 1248, 1251–52, 88 L.Ed. 1542 (1944) (custodian of corporate records cannot claim fifth amendment privilege with respect to mere production of corporate records); *Wheeler v. United States,* 226 U.S. 478, 489–90, 33 S.Ct. 158, 162, 57 L.Ed. 309 (1913) (no fifth amendment privilege with respect to corporate records even though corporation dissolved); *Wilson v. United States,* 221 U.S. 361, 385, 31 S.Ct. 538, 546, 55 L.Ed. 771 (1911) (corporate officer has "no personal right to retain corporate records against

any demand of government which the corporation was bound to recognize").

■ Here, the subpoena sought only corporate records. Cunningham does not claim possession of the records in his personal or individual capacity. *Cf. In re Grand Jury Subpoenas Duces Tecum,* 722 F.2d at 987 (corporate records apparently held in personal or individual capacity rather than as corporate representative). Production of corporate records by Cunningham, or by appellant as his attorney, would be an action taken in his representative capacity only, either as a former corporate officer or as a trustee of the defunct Westech Corp., and not as an individual. "In producing records as [a former] officer of the [corporation, Cunningham] would not be attesting to his personal possession of them but to their existence and possession by the corporation, which is not entitled to claim a Fifth Amendment privilege with respect to them." *Id.* at 986. Thus, under these circumstances, production of the records would not be a compelled, incriminating, testimonial communication by Cunningham as an individual.

In addition, we agree with the Sixth Circuit that "if the government later attempts to implicate [Cunningham] on the basis of the act of production, evidence of that fact is subject to a motion to suppress. 'Such proof would seek to add testimonial value to the otherwise testimony-free act of production.'" *In re Grand Jury Proceedings (Morganstern),* 771 F.2d 143, 148 (6th Cir.) (banc) (citation omitted), *cert. denied,* —— U.S. ——, 106 S.Ct. 594, 88 L.Ed.2d 574 (1985).

**The Impact of United States v. Doe**

■ Appellant argues, however, that the Supreme Court in *United States v. Doe* created an expanded "act of production" doctrine for business records generally and thus significantly modified the collective entity rule. In essence, appellant argues that the act of production doctrine now applies to corporate records. In *United States v. Doe* the Supreme Court held that a sole proprietor could assert the privilege against self-incrimination and prevent the

compelled production of sole proprietorship business records, absent a grant of immunity, because, although the contents of the subpoenaed records were not privileged, the act of production was testimonial and incriminating. 465 U.S. at 612–14, 104 S.Ct. at 1242–43.

We do not agree with appellant's argument. *United States v. Doe* clearly states that the issue to be decided involved sole proprietorships, *id.* at 606, 104 S.Ct. at 1239, and nowhere suggests its holding should be applied to corporations or other collective entities. This court rejected a similar argument in *United States v. G & G Advertising Co.*, 762 F.2d 632, 634 (8th Cir.1985) (IRS summons), which cited *United States v. Doe* and declined to extend the act of production doctrine from sole proprietorship records to corporate records. Moreover, like other circuit courts which have addressed this question, we would be reluctant to interpret *United States v. Doe* to have implicitly overruled a rule of such longevity as the collective entity rule. *See In re Grand Jury Proceedings (Morganstern)*, 771 F.2d at 147–48 (6th Cir.); *In re Two Grand Jury Subpoenae*, 769 F.2d at 57–59 (2d Cir.); *In re Grand Jury Proceedings (Vargas)*, 727 F.2d 941, 946 (10th Cir.) (on rehearing), *cert. denied,* — U.S. —, 105 S.Ct. 90, 83 L.Ed.2d 37 (1984); *see also In re Grand Jury Subpoenas*, 599 F.Supp. 1006, 1011–13 (E.D.Wash.1984). *But see In re Grand Jury Matter (Brown)*, 768 F.2d 525, 528–29 (3d Cir.1985) (banc) (Gibbons, J., for the majority); *cf. id.* at 530–31 (Becker, J., concurring) (characterizing case under submission as one involving both production *and* authentication, distinguishing case involving "mere production" of records of collective entity).

**Attorney-Client Privilege and Work Product Privilege**

 Because Cunningham cannot assert a fifth amendment privilege to prevent production of Westech Corp. records, appellant as his attorney cannot claim the records are privileged in her hands by the attorney-client privilege. *See Fisher v. United States*, 425 U.S. at 402–05, 96 S.Ct. at 1576–78. Nor are these records protected by the work product privilege. Appellant did not prepare these records for the client in anticipation of litigation. *See Hickman v. Taylor*, 329 U.S. 495, 510–12, 67 S.Ct. 385, 393–94, 91 L.Ed. 451 (1947).

Accordingly, the order of the district court denying the motion to quash the subpoena duces tecum is affirmed.