In re GRAND JURY PROCEEDINGS.

Appeal of John DOE.

No. 86–4922.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 31, 1987.

Rehearing and Rehearing En Banc
Denied April 30, 1987.

Michael S. Fawer, Marie O. Riccio, Herbert V. Larson, Jr., New Orleans, La., for appellant.

Frank Violanti, Asst. U.S. Atty, Biloxi, Miss., Nick Phillips, Asst. U.S. Atty., Jackson, Miss., for appellee.

Before RUBIN, RANDALL and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Randy Braswell, president and sole shareholder of Worldwide Machinery Sales, Inc., and Worldwide Purchasing, Inc., appeals his contempt citation for refusing to produce the books and records of these corporations pursuant to a federal grand jury subpoena. Braswell contends that his personal privilege against self-incrimination justifies his refusal to produce the corporate documents because his closely-held corporations are not collective entities within the meaning of *Bellis v. United States*, 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974). In the alternative, he argues that some of the corporate documents are "private writings" and that, at the very least, the fifth amendment protects these writings. The district court stayed Braswell's commitment pending this expedited appeal. *See* 28 U.S.C. § 1826(b). We affirm.

## I

From 1965 to 1980, Braswell conducted his business, which includes the sale and purchase of equipment, oil and gas interests, and land and timber, as a sole proprietorship. Indeed, Braswell conducted all of his affairs, both personal and business, through the proprietorship.

In 1980, Braswell incorporated Worldwide Machinery, Inc., a Mississippi corporation, and retained ownership of 100% of its stock. Braswell then began conducting his business through Worldwide Machinery. In 1981, Braswell, concerned that the name "Worldwide Machinery" did not reflect his other pursuits, incorporated Worldwide Purchasing, Inc., also a Mississippi corporation. Braswell funded Worldwide Purchasing with the stock he held in Worldwide Machinery, and retained ownership of 100% of the stock of Worldwide Purchasing. Both corporations are active corporations, maintaining a current status with the State of Mississippi, keeping current corporate books and records, including financial records and minutes, and filing corporate tax returns.

In compliance with Mississippi law that corporations have at least three directors, *see* Miss.Code Ann. § 79–3–69, Braswell, his wife, and his mother sit as directors of both corporations. According to Braswell, however, neither his wife nor his mother has any authority over the business affairs of the corporations, although they have assumed the offices of Secretary-Treasurer and Vice-President, respectively.

## II

A federal grand jury subpoenaed the books and records of Worldwide Purchasing and Worldwide Machinery on August 20, 1986.[1] The subpoenas did not request Braswell to testify. He was not even re-

---

**1.** The subpoena requested "all books, records, papers, and other data relating to Worldwide Machinery Sales, Inc., and Worldwide Purchasing, Inc., for the years 1982, 1983, 1984, and 1985, to include, but not limited to the following: (1) receipts and disbursements journals; (2) general ledger and subsidiaries; (3) accounts receivable/accounts payable ledgers, cards, and all customer data; (4) bank records of savings and checking accounts, including statements, checks, and deposit tickets; (5) contracts, invoices—sales and purchase, conveyances, and correspondence; (6) minutes and stock books and ledgers; (7) loan disclosure statements and agreements; (8) liability ledgers; (9) retained copies of Forms 1120, W–2, W–4, 1099, 940 and 941."

quired to appear before the grand jury if the subpoenaed documents were delivered to the agent serving the subpoena. After a hearing the district court denied Braswell's motion to quash the subpoena and ordered Braswell to produce the documents, noting:

> [T]he way I see the question is that under the facts, Mr. Braswell was obviously doing business through the corporate name but was managing the affairs of the corporation as close to the manner in which a sole proprietorship would be handled as almost as could be conceived.

When Braswell appeared before the grand jury, he refused to produce the subpoenaed documents. Upon motion of the government, the district court found Braswell in contempt of court and ordered him committed to the custody of the United States Marshal until he complied with the court's order. The district court, however, stayed the commitment of Braswell pending this expedited appeal.

In ruling upon Braswell's motion to quash the subpoena, the district court considered only the asserted "act of production" privilege.[2] The district court did not rule on the assertion that the subpoenaed documents included otherwise privileged "private papers." Braswell argues that the district court erred when it refused to apply the doctrine of *United States v. Doe*, 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984), which upheld the assertion of an act of production privilege by a sole proprietor, to the case of a closely-held corporation.

Braswell contends that the corporate structure of Worldwide Machinery and Worldwide Purchasing exists only for its appearance[3] and that their formation did nothing to change the manner in which he conducts his business. Despite the presence of the three-member boards of directors, he contends that he has maintained "absolute, total, complete" control over the corporations. Moreover, his personal expenses, and those of his wife, are paid out of the corporate checking accounts. The credit cards used by Braswell and his wife for personal expenditures are in the names of the corporations[4] as are all of Braswell's personal assets, including his house. Finally, Braswell stresses the corporations have never acquired a loan from Braswell's primary banker without Braswell's personal guarantee.

### III

An individual enjoys no fifth amendment privilege from producing records of a collective entity. *Bellis v. United States*, 417 U.S. 85, 88, 94 S.Ct. 2179, 2182, 40 L.Ed.2d 678 (1974); *Grant v. United States*, 227 U.S. 74, 80, 33 S.Ct. 190, 192, 57 L.Ed. 423 (1913). In *Bellis*, the Court defined a collective entity as "an organization which is recognized as an independent entity apart from its individual members." 417 U.S. at 92, 94 S.Ct. at 2185. The Court reaffirmed this definition of "collective entity" in *Doe*, 104 S.Ct. at 1240 n. 4. The law of Mississippi is clear that a corporation is a creature of law, with a legal identity separate and distinct from that of its owners. *United States v. State Tax Comm.*, 505 F.2d 633, 637 (5th Cir. 1974). And the Supreme Court noted in *Bellis* that corporations, no matter how small, are collective entities. 417 U.S. at 100, 94 S.Ct. at 2189. Accordingly, Braswell's contention that his "one-man" corporations are not collective entities must fail.

Thus, "no privilege can be claimed by the custodian of corporate records, regardless of how small the corporation may be." *Bellis*, 417 U.S. at 100, 94 S.Ct. at 2189. Organizational records, subject to the visitorial powers of the state and review by the organization's members, must be produced by the custodian, who, by accepting

---

**2.** Braswell's counsel agreed that the "private papers" issue was not before the court at that time. Accordingly, we do not face the question of whether there is any privilege under the Fifth Amendment for private papers.

**3.** Braswell claims that the business was not incorporated for tax purposes, for limitation of

shareholder liability, or for the creation of pension or profit sharing plans.

**4.** Although Braswell asserts that only he has authority to act on behalf of the corporation, his wife apparently has the authority to write checks on the corporate account and to use the corporation's credit.

his corporate office, is deemed to have waived his privilege with respect to any testimonial incrimination inherent in the act of production. *See United States v. White*, 322 U.S. 694, 700, 64 S.Ct. 1248, 1251, 88 L.Ed. 1542 (1944). This circuit has previously held in *In re Grand Jury Proceedings (Lincoln)*, 767 F.2d 1130, 1131 (5th Cir.1985), that *Doe* did not reject the holding of *Bellis*, thereby denying a "collective entity" custodian's assertion of an act of production privilege. Consequently, Braswell, as custodian of corporate documents, has no act of production privilege under the fifth amendment regarding corporate documents.

We note that two later panel opinions of this circuit appear to raise the question whether *Doe* should apply to closely-held corporations. *See United States v. Huckaby*, 776 F.2d 564, 570 n. 7 (5th Cir.1985); *United States v. Coppola*, 788 F.2d 303, 309 (5th Cir.1986). However, each case raises the issue in *dicta* only, and neither suggests that *Lincoln* is not the law of this circuit.

We also note that the other circuits have split over this issue. The Second, Third, and Fourth Circuits have read *Bellis* narrowly to settle only the question whether a custodian has a fifth amendment privilege in the contents of "collective entity" documents. These circuits thus allow the custodian of collective entity documents an act of production privilege. *See United States v. Antonio Sancetta, M.D., P.C.*, 788 F.2d 67, 74 (2d Cir.1986); *United States v. Lang*, 792 F.2d 1235, 1240 (4th Cir.1986); *In re Grand Jury Matter (Brown)*, 768 F.2d 525 (3d Cir.1985) (en banc). The First, Sixth, Eighth, Ninth and Tenth Circuits, on the other hand, have refused to grant an act of production privilege to the custodian of collective entity records. *See In re Grand Jury Subpoena (85–W–71–5)*, 784 F.2d 857, 861 (8th Cir.), *cert. granted sub. nom.; See v. United States*, —— U.S. ——, 107 S.Ct. 59, 93 L.Ed.2d 18 (1986); *In re Grand Jury Proceedings (Morganstern)*, 771 F.2d 143, 148 (6th Cir.) (en banc), *cert. denied*, —— U.S. ——, 106 S.Ct. 594, 88 L.Ed.2d 574 (1985); *United States v. Malis*, 737 F.2d 1511, 1512 (9th Cir.1984); *In re*

*Grand Jury Proceedings (Vargas)*, 727 F.2d 941, 945 (10th Cir.), *cert. denied*, 469 U.S. 819, 105 S.Ct. 90, 83 L.Ed.2d 37 (1984); *see also In re Grand Jury Proceedings United States*, 626 F.2d 1051, 1053 (1st Cir.1980). We held in *Lincoln* that assertion of an act of production privilege by a corporate custodian is foreclosed by *Bellis*, and that opinion binds this panel.

## IV

Braswell also argues that the contents of the books and records are protectible to the extent the books and records are "private writings." This issue was not presented to the district court. Thus, whether or not this asserted privilege exists is not properly before us.

## V

The judgment of the district court is AFFIRMED.