## In re GRAND JURY PROCEEDINGS (THE JOHN DOE COMPANY, INC.).

### Appeal of UNITED STATES of America.

### No. 87–1824.

United States Court of Appeals, First Circuit.

Heard Jan. 8, 1988.

Decided Feb. 10, 1988.

Rehearing and Rehearing En Banc Denied March 11, 1988.

Ralph D. Gants, Asst. U.S. Atty., with whom Frank L. McNamara, Jr., U.S. Atty., Boston, Mass., was on brief, for appellant.

Philip S. Nyman, Lowell, Mass., for appellee.

Before CAMPBELL, Chief Judge, TORRUELLA and SELYA, Circuit Judges.

TORRUELLA, Circuit Judge.

This is an appeal from a decision of the district court to grant a motion to quash a federal grand jury subpoena. The grand jury is investigating an individual (Owner) who is the sole shareholder, official, and employee of a corporation. The subpoena would compel the corporation's "Keeper of the Records" to appear before the grand jury with all records of the corporation. At least some of the records were provided to the government by Owner's counsel; however, the corporation refused to authenticate the documents before the grand jury or to provide testimony (through Owner or by designating some other agent) that they were *all* the records of the corporation. He also refused to stipulate to these facts or to appoint an agent of the corporation to provide the requested testimony. The government moved to compel the testimony and the corporation moved to quash the subpoena. The motion to compel was denied and the motion to quash was granted on the basis that the compelled testimony would likely force Owner to incriminate himself in violation of his fifth amendment

right not to be a witness against himself. We reverse on the basis that the subpoena is directed at the corporation which receives no constitutional protection from self-incrimination.

 The fifth amendment privilege not to be compelled to be a witness against oneself can be asserted only by a natural person and never by or on behalf of an organization. *United States v. White*, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542 (1944); *Wilson v. United States*, 221 U.S. 361, 31 S.Ct. 538, 55 L.Ed. 771 (1911). Furthermore, an individual cannot avoid producing records of a collective entity, held by him in a representative capacity, even if those records would tend to incriminate him. *Bellis v. United States*, 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974) (partnership); *Curcio v. United States*, 354 U.S. 118, 77 S.Ct. 1145, 1 L.Ed.2d 1225 (1956) (union); *Dreier v. United States*, 221 U.S. 394, 31 S.Ct. 550, 55 L.Ed. 784 (1911) (corporation). The often quoted rationale for this rule is that

> individuals, when acting as representatives of a collective group, cannot be said to be exercising their personal rights and duties nor to be entitled to their purely personal privileges. Rather they assume the rights, duties and privileges of the artificial entity or association of which they are agents or officers and they are bound by its obligations. In their official capacity, therefore, they have no privilege against self-incrimination. And the official records and documents of the organization that are held by them in a representative rather than in a personal capacity cannot be the subject of the personal privilege against self-incrimination, even though production of the papers might tend to incriminate them personally.

*United States v. White*, 322 U.S. at 699, 64 S.Ct. at 1251. This rationale was further expounded by Justice Marshall: "In view of the inescapable fact that an artificial entity can only act to produce its records through its individual officers or agents, recognition of the individual's claim of privilege with respect to the financial records of the organization would substantially undermine the unchallenged rule that the organization itself is not entitled to claim any Fifth Amendment privilege, and largely frustrate legitimate governmental regulation of such organizations." *Bellis v. United States*, 417 U.S. at 90, 94 S.Ct. at 2184. The circuits which have considered the issue now hold, in general, that a corporation must produce its records for use in a criminal proceeding, even when the contents or act of producing the records may incriminate the "Keeper of the Records" or other corporate official. *See United States v. Doe*, 628 F.2d 694, 696 (1st Cir.1980); *United States v. Antonio J. Sancetta, M.D., P.C.*, 788 F.2d 67, 74 (2d Cir.1986); *In re Grand Jury Empaneled March 17, 1987*, 836 F.2d 150 (3d Cir.1987); *United States v. Lang*, 792 F.2d 1235, 1240–41 (4th Cir.), *cert. denied*, —— U.S. ——, 107 S.Ct. 574, 93 L.Ed.2d 578 (1986); *In re Grand Jury Proceedings (Doe)*, 814 F.2d 190, 192–93 (5th Cir.), *cert. granted sub nom., Braswell v. United States*, —— U.S. ——, 108 S.Ct. 64, 98 L.Ed.2d 28 (1987); *In re Grand Jury Proceedings (Morganstern)*, 771 F.2d 143 (6th Cir.), *cert. denied*, 474 U.S. 1033, 106 S.Ct. 594, 88 L.Ed.2d 574 (1985); *In re Grand Jury (85–W–71–5)*, 784 F.2d 857, 861 (8th Cir. (1986), *cert. dismissed*, —— U.S. ——, 107 S.Ct. 918, 93 L.Ed.2d 865 (1987); *United States v. Vallance*, 793 F.2d 1003, 1005–06 (9th Cir.1986); *In re Grand Jury Proceedings (Vargas)*, 727 F.2d 941, 946 (10th Cir.), *cert. denied*, 469 U.S. 819, 105 S.Ct. 90, 83 L.Ed.2d 37 (1984); *In re Grand Jury No. 86–3 (Will Roberts Corp.)*, 816 F.2d 569, 570 (11th Cir.1987).[1]

---

**1.** Although the sixth and eighth circuits accept this general rule, they have stated that "if the government later attempts to implicate [the custodian of the records] on the basis of his act of producing [the documents], evidence of that fact is subject to a motion to suppress." *In re Grand Jury Subpoena*, 784 F.2d 857, 861 (8th Cir.1986) (agreeing with and quoting *In re*

*Grand Jury Proceedings*, 771 F.2d 143, 148 (6th Cir.) (en banc), *cert. denied*, 474 U.S. 1033, 106 S.Ct. 594, 88 L.Ed.2d 574 (1985)), *cert. dismissed*, —— U.S. ——, 107 S.Ct. 918, 93 L.Ed.2d 865 (1987). The second, fourth, and eleventh circuits have indicated that, in certain limited circumstances, an individual may have a fifth amendment privilege not to be compelled to

*See also In re Sealed Case, No. 87–5256,* 832 F.2d 1268, 1278 (D.C.Cir.1987) (affirming this principle in dicta but holding it to be inapplicable when subpoena directed at an individual rather than the corporation).

In the case before us, Owner does not challenge directly this generally accepted rule. In response to the subpoena, Owner's counsel delivered numerous, and possibly all, documents of the corporation for use by the grand jury. Owner would like us, however, to distinguish between this form of "production" and oral "authentication"; that is, he contends that the latter act is not a responsibility arising from his representative capacity as the officer of the corporation, but is, instead, protected from compulsion by his personal fifth amendment privilege.

■ We fail to see the constitutional basis for the distinction. "A government subpoena compels the holder of the document to perform an act that may have testimonial aspects and an incriminating effect." *United States v. Doe,* 465 U.S. 605, 104 S.Ct. 1237, 79 L.Ed.2d 552 (1984). The act of producing the documents may be testimonial because it may be an admission that the records exist, are in the possession of the individual, and *are authentic. Id.* at 613 n. 11, 104 S.Ct. at 1242 n. 11. That is, the very act of producing the documents may, in some circumstances, be a testimonial act of authentication. We perceive no significant distinction between authentication provided orally and the same provided by some other physical act: the key point is that both methods are "testimonial" for purposes of the fifth amendment.

The custodian's act of producing books or records in response to a subpoena *duces tecum* is itself a representation that the documents produced are those demanded by the subpoena. Requiring the custodian to identify or authenticate the documents for admission in evidence merely makes explicit what is implicit in the production itself.

*Curcio v. United States,* 354 U.S. 118, 125, 77 S.Ct. 1145, 1150, 1 L.Ed.2d 1225 (1957) (dicta). Since production, including implied authentication, can be required of a corporation through a corporate officer regardless of the potential for self-incrimination, production including oral authentication can also be required.

■ That authentication of corporate documents can be compelled is also a necessary corollary of the rule that production can be compelled. Corporate records, as evidence in a criminal trial, are meaningless pieces of paper until authenticated. Since a corporate officer cannot shield its records by failing to produce them under a claim of personal privilege, he cannot achieve the same result by asserting the same privilege to avoid authenticating them. In the words of Judge Learned Hand:

> [W]e think that the greater includes the less, and that, since the production can be forced, it may be made effective by compelling the producer to declare that the documents are genuine.... [T]estimony auxiliary to the production is as unprivileged as are the documents themselves. By accepting the office of custodian the holder not only exposes himself to producing the documents, but to making their use possible without requiring other proof than his own.

*United States v. Austin–Bagley Corp.,* 31

---

produce corporate documents; in these circuits, however, if no employee can produce the records without incriminating himself, the corporation must appoint an agent to undertake the act of production. *In re Two Grand Jury Subpoena Duces Tecum,* 769 F.2d 52, 57 (2d Cir.1985); *United States v. Lang,* 792 F.2d 1235, 1240–41 (4th Cir.) (small corporation), *cert. denied,* ──── U.S. ────, 107 S.Ct. 574, 93 L.Ed.2d 578 (1986); *In re Grand Jury No. 86–3 (Will Roberts Corp.),* 816 F.2d 569 (11th Cir.1987) (one-person

corporation). The District of Columbia Circuit has interpreted the former two cases as expressing the view, either explicitly or implicitly, that the "act of production" privilege applies to the representative of a collective entity. *See In re Sealed Case,* 832 F.2d 1268, 1279 n. 7 (D.C. Cir.1987). *Accord In re Grand Jury Matter (Brown),* 768 F.2d 525 (3d Cir.1985) (*en banc* determination that recent Supreme Court decisions imply individuals in a representative capacity cannot be forced to incriminate themselves when producing documents of collective entity).

F.2d 229, 234 (2d Cir.1929).[2]

■ The corporation's claim that it should be treated differently because it is a one-man corporation, similar to a sole proprietorship, *see Doe,* 465 U.S. at 612–14, 104 S.Ct. at 1242–43, is of no avail. "It is well settled that no privilege can be claimed by the custodian of corporate records, regardless of how small the corporation may be." *Bellis,* 417 U.S. at 100, 94 S.Ct. at 2189. It was Owner's choice to incorporate. With that choice came all the attendant benefits *and responsibilities* of being a corporation. One of those responsibilities is to produce and authenticate records of the corporation when they are subpoenaed by a grand jury. How the corporation choses to fulfill this duty is not the court's concern. *See, e.g., United States v. Lang,* 792 F.2d at 1240–41 (appointment of agent); *In re Two Grand Jury Subpoena Duces Tecum,* 769 F.2d at 57 (same).

The district court's order granting the corporation's Motion to Quash Subpoena is reversed and the case is remanded for actions consistent with this opinion.[3]

*Reversed and remanded.*

---

**2.** While we recognize that direct authentication is not necessary for use of the documents before a grand jury, we see no constitutional reason for providing a corporate officer with greater protection in this regard before a grand jury than such a corporate officer would enjoy at a criminal trial.

**3.** We note that the pivotal question presented in this appeal is likely to be decided by the Supreme Court during the current term, or soon thereafter. *See In re Grand Jury Proceedings (Doe),* 814 F.2d 190 (5th Cir.), *cert. granted sub nom., Braswell v. United States,* — U.S. —, 108 S.Ct. 64, 98 L.Ed.2d 28 (1987). In that case, the fifth circuit held, as do we, that the sole shareholder of a one-man corporation has no "act of production privilege" under the fifth amendment to resist turnover of corporate documents.