105 F.3d 659
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
In re GRAND JURY SUBPOENA DUCES TECUM.
 No. 96-5454.
 United States Court of Appeals, Sixth Circuit.
 Jan. 13, 1997.
 
 Before: ENGEL, BROWN, and COLE, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant, a podiatrist and sole proprietor, failed to comply with a grand jury subpoena duces tecum, ordering him to produce and authenticate patient files. He appeals an order by the district court for the Middle District of Tennessee holding him in civil contempt. For the reasons that follow, we AFFIRM the district court's order.
 
 
 2
 On September 13, 1994, a federal grand jury for the Middle District of Tennessee issued a subpoena duces tecum to the custodian of records or Appellant. The subpoena required that the custodian or Appellant produce patient files on 134 Medicare and Medicaid patients, along with dates of visits, operative notes, and billings.[1] On November 16, 1994, Appellant filed a motion to quash the subpoena, alleging that the subpoena violated his Fifth Amendment privilege because producing the documents would have both testimonial and self-incriminating effects. In response, the government asserted that production of the records would not violate his Fifth Amendment privilege because the records sought were required records and, therefore, not subject to the Fifth Amendment privilege. After conducting a hearing on the motion to quash, the district court entered an order denying the motion because the medical files fell within the required records exception.
 
 
 3
 Appellant then filed a motion to clarify the district court's order denying the motion to quash. He asked the district court to address the unresolved issue of whether the government could compel him to testify, without immunity. After conducting a hearing on the motion to clarify, the district court entered an order on February 15, 1996, denying the motion. The district court concluded that the government could question Appellant before the grand jury, without immunity. However, it limited questioning to a list of questions prepared by the prosecutor, and approved by the court, "together with any necessary follow-up questions raised as a result of answers furnished by [Appellant] to the attached questions."
 
 
 4
 Appellant then appeared before a federal grand jury on March 20, 1996, but refused to produce the documents requested or answer authentication questions approved by the court. Accordingly, the district court found him in civil contempt for failure to comply with the subpoena duces tecum. He then filed a notice of appeal.
 
 
 5
 We review a district court's finding of contempt for an abuse of discretion. Glover v. Johnson, 75 F.3d 264, 266 (6th Cir.), cert. denied, Glover v. McGinnis, 117 S.Ct. 67 (1996) (citing Glover v. Johnson, 934 F.2d 703 (6th Cir.1991)). An abuse of discretion exists when the reviewing court is firmly convinced that a mistake has been made. Romstadt v. Allstate Ins. Co., 59 F.3d 608, 615 (6th Cir.1995). This court reviews de novo the district court's application of the appropriate legal standard.
 
 
 6
 The issue before the court is whether the documents requested in the subpoena fell within the required records exception to the Fifth Amendment privilege against self-incrimination. There are three premises underlying the required records doctrine:
 
 
 7
 first, the purposes of the United States' inquiry must be essentially regulatory; second, information is to be obtained by requiring the preservation of records of a kind which the regulated party has customarily kept; and third, the records themselves must have assumed "public aspects" which render them at least analogous to public documents.
 
 
 8
 Grosso v. United States, 390 U.S. 62, 67-68 (1968). Appellant contends that producing the documents would involve testimonial and self-incriminating aspects resulting in a violation of his Fifth Amendment rights. In addition, he asserts that the required records doctrine is inapplicable to the instant case.
 
 
 9
 In United States v. Doe, the Supreme Court determined that the act of production by court decree can violate a respondent's Fifth Amendment right when production involves testimonial and incriminating aspects. United States v. Doe, 465 U.S. 605, 612-13 (citing Fisher v. United States, 425 U.S. 391, 410 (1976)). "The Fifth Amendment's protection may ... be implicated because the act of complying with the government's demand testifies to the existence, possession, or authenticity of the things produced." Baltimore City Dept. of Soc. Serv. v. Bouknight, 493 U.S. 549, 555 (1990) (citation omitted). In the instant case, Appellant contends that in order to comply with the subpoena he would be forced to admit that the records exist, they are in his possession, and they are authentic. He concludes, therefore, that producing the records would involve self-incriminating and testimonial aspects. Doe, 465 U.S. at 614.
 
 
 10
 However, in footnote 3 of Doe, the Supreme Court limited its holding to "business documents and records not required by law to be kept or disclosed to a public agency." Id. at 608. This language is consistent with the Supreme Court's recognition of a required records exception to the Fifth Amendment privilege against compelled testimonial self-incrimination. Davis v. United States, 328 U.S. 582, 593 (1946). The Sixth Circuit applied the required records exception in In re Grand Jury Subpoena (Underhill);
 
 
 11
 (T)he Supreme Court has directed that where the narrow parameters of the [required records] doctrine are met, and the balance weighs in favor of disclosure, the information must be forthcoming even in the face of potential incrimination. This is why Doe is not controlling, and why, we suspect, that the Court so carefully excluded required records from the reach of its holding. In our view, in order to have meaning the required records exception must apply to the act of production as well as the contents of documents to which the doctrine applies.
 
 
 12
 In re Grand Jury Subpoena (Underhill), 781 F.2d 64, 70 (6th Cir.), cert. denied, 479 U.S. 813 (1986). The court reasoned that, because of the public aspect of required records, the individual admits nothing of significance by production. Id.
 
 
 13
 In the case at bar, the district court found that all three prongs of the required records test were satisfied in that: "(1) the records sought relate to Medicare and Medicaid patients and both Medicare and Medicaid are highly regulated programs; (2) the records sought are the type normally kept by a physician; and (3) the records sought are available for review by various regulatory agencies and, therefore, have assumed some public aspect." Appellant does not contest the district court's findings regarding the first two factors. Thus, resolution of this appeal turns on our interpretation and application of the third prong to the instant case.
 
 
 14
 Appellant contends that the medical records do not assume public aspects because they are confidential. However, the mere fact that the medical charts are not available to the general public does not preclude them from possessing a public aspect. In re Kenny, 715 F.2d 51, 52-54 (2d Cir.1983). In response to Appellant's contention that the medical charts do not possess public characteristics, the government points out that such characteristics exist because Appellant made the records available to third parties and for review by regulatory agencies.
 
 
 15
 In a case factually similar to the one before us, the Second Circuit addressed the issue of whether records customarily kept by a regulated party and available for review by a regulatory agency assume a public aspect. In re John Doe, M.D., 711 F.2d 1187, 1192 (2d Cir.1983). The Second Circuit reasoned that, because a public health law expressly authorized the New York State Board for Professional Medical Conduct to obtain and examine patient records, the records took on a public aspect. Similarly, in the instant case, Appellant was obligated to keep agreements on file in accordance with State plans.[2] The Tennessee State plan required him to provide documentation to justify administering tests and medication prescriptions. TENN.COMP.R. & REGS. ch. 1200-13-1-.05(c) (1992). As part of the agreement between Appellant and his Medicare and Medicaid patients, Appellant was permitted to:
 
 
 16
 keep such records as are necessary to disclose fully the extent of services provided to individuals under the State's Title XIX plan and to furnish information regarding any payments claimed for providing such services as the State Agency or Dept. of Health and Human Services may request.
 
 
 17
 Appellee's Brief at 11. Under the Tennessee Department of Health, Medicaid- Title XIX, Podiatry § 103, providers of Medicaid and Medicare assistance have the right to make unannounced visits and review and copy the medical records.[3] Attachment to Appellee's Brief.
 
 
 18
 Similar to In Re John Doe, M.D., the medical records in this case are clearly subject to review by state regulatory agencies, namely the Department of Health and Human Services. We agree with the Second Circuit that this limited review of a patient's medical records is sufficient to constitute a public aspect under the requir-1Xed records exception. The government regulations regarding the maintenance and review of Medicare and Medicaid patient files ensure the accuracy of the files and protect against the abuses of unjustified examination and testing. Moreover, these regulations do not target a " 'highly selective group inherently suspect of criminal activities.' " Underhill, 781 F.2d at 69 (quoting California v. Byers, 402 U.S. 424 (1971)). We find that the public need for maintenance and review of medical records outweighs the individual claim to constitutional protections. Byers, 402 U.S. at 430.
 
 
 19
 Because the government satisfies the three prongs of the required records exception, we conclude that the district court did not err by denying Appellant's motion to quash. However, we limit our holding to records of Medicare and Medicaid patients because only these records qualify for the required records exception. Accordingly, Appellant's failure to produce the medical records of Medicare and Medicaid patients listed in the subpoena duces tecum warranted the district court's order finding him in contempt.
 
 
 20
 The district court additionally ordered Appellant to submit to a series of court-approved questions to authenticate the medical records. These questions do not relate to the underlying offenses, but merely require that he testify as to the genuineness of the records. Appellant argues that the government should not compel him to authenticate the documents, without providing him immunity, because orally authenticating the documents could result in self-incrimination.
 
 
 21
 We first note that in some circumstances the production of documents amounts to a testimonial act of authentication. In re Grand Jury Proceedings (The John Doe Co., Inc.), 838 F.2d 624, 626 (1st Cir.1988). In Underhill, this court acknowledged implied testimonial authentication underlying production of required records:
 
 
 22
 The proper designation by the government of certain records to be kept by an individual necessarily implies an obligation to produce them, and limited implied testimonial authentication. These obligations to keep and produce the records are in a sense consented to as a condition of being able to carry on the regulated activity involved.
 
 
 23
 Id. (quoting In re Grand Jury Proceedings (McCoy), 601 F.2d 162, 171 (5th Cir.1979)). The Supreme Court in Curcio v. United States, 354 U.S. 118, 125 (1957), found the acts of production and authentication by a corporate custodian one and the same for Fifth Amendment privilege purposes. "Requiring the custodian to identify or authenticate the documents for admission in evidence merely makes explicit what is implicit in the production itself." Id. Thus, a sole proprietor who produces his own records upon demand by subpoena in essence testifies to the genuineness of the records. See United States v. Beattie, 522 F.2d 267, 270 (2d Cir.1975), cert. denied, 425 U.S. 970 (1976) ("A subpoena demanding that an accused produce his own records is taken to be the equivalent of requiring him to take the stand and admit their genuineness.").
 
 
 24
 Because we find no significant distinction between authentication by oral testimony and authentication by production, we conclude that the required records exception extends to both the physical production of documents and testimony limited to authentication. Therefore, we AFFIRM the district court's order holding Appellant in civil contempt.
 
 
 
 [1]
 The parties dispute whether all of the patients listed in the subpoena attachment were Medicare/Medicaid patients
 
 
 [2]
 Under 42 U.S.C. § 1396a(a)(27), Appellant was obligated to:
 provide for agreements with every person or institution providing services under the State plan under which such person or institution agrees (A) to keep such records as are necessary fully to disclose the extent of the services provided to individuals receiving assistance under the State plan, and (B) to furnish the State agency with such information, regarding any payments claimed by such person or institution for providing services under the State plan, as the State agency may from time to time request.
 42 U.S.C. § 1396a(a)(27).
 
 
 [3]
 Title XIX, Podiatry § 103 provides in pertinent part:
 Providers participating in the Medicaid program shall keep records which contain information relative to the medical assistance provided or caused to be provided when payment has been made or sought under the Medicaid program. The Department shall have the right of unannounced access to all of those records, during normal business hours, for purposes of reviewing and/or copying the records. Reviews shall be unannounced unless circumstances require an announced audit.
 Attachment to Appellee's Brief.