134 F.3d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Allan ELIAS, Witness-Appellant,
v.
UNITED STATES of America, Appellee.
 No. 97-36211.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 14, 1997.**
Decided Jan. 14, 1998.
 
 1
 Before: BROWNING, KLEINFELD and THOMAS, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Allan Elias (Elias), the owner of Evergreen Resources, Inc. (Evergreen), appeals the district court's December 12, 1997 order holding him in civil contempt for failure to produce Evergreen's business records. We review a district court's finding of contempt under 28 U.S.C. § 1826 for an abuse of discretion. See In re Grand Jury Proceedings (Doe), 801 F.2d 1164, 1167 (9th Cir.1986) (per curiam). We have jurisdiction pursuant to 28 U.S.C. § 1826(b), and we affirm.
 
 
 4
 Elias contends that requiring him to produce the business records issue would violate his right against self-incrimination under the Fifth Amendment because he is the sole employee of Evergreen and that based on the fact that he is the only employee who could function as a custodian the jury would conclude that he produced the documents. This contention lacks merit.
 
 
 5
 In Braswell v. United States, 487 U.S. 99 (1988), the Supreme Court held that a custodian of corporate records may not resist a subpoena for such records on the ground that production would personally incriminate him in violation of the Fifth Amendment. See id. at 118. The Court left open the question of whether compelling a custodian to produce corporate records when the custodian is able to establish, by showing for example that he is the sole employee and officer of the corporation, that the jury would inevitably conclude that he produced the records. See id. at 118 n. 11.
 
 
 6
 Contrary to Elias' contention, the district court properly found that Elias is not the sole employee of Evergreen. See In re Grand Jury Proceedings (Doe), 801 F.2d at 1167; see also United States v. McConney, 728 F.2d 1195, 1200-05 (9th Cir.) (en banc), cert. denied, 469 U.S. 824 (1984) (reviewing the district court's determination of a mixed question of law and fact is subject to de novo review). The district court also properly found that Elias' contention that he is the only employee who could function as a custodian was insufficient to fall within the possible exception in Braswell, 487 U.S. at 118 n. 11 (1988); see also McConney, 728 F.2d at 1200-05. Finally, the district court also properly determined that Braswell contemplated this scenario when it recognized that "if the defendant held a prominent position within the corporation that produced the records, the jury may, just as it would had someone else produced the documents, reasonably infer that he had possession of the documents or knowledge of their contents." Braswell, 487 U.S. at 118; see also United States v. Stone, 976 F.2d 909, 912 (4th Cir.1992) (holding that one-man operation was still a corporation, a state-law regulated entity that has a separate legal existence shielding individual from its liabilities); United States v. Lawn Builders of New England, Inc., 856 F.2d 388, 394 (1st Cir.1988); In re Grand Jury Proceedings (John Doe Co.), 838 F.2d 624, 627 (1st Cir.1988); In re Two Grand Jury Subpoenae Duces Tecum, 769 F.2d 52, 59 (2nd Cir.1985); In re Grand Jury Proceedings (Morganstern), 771 F.2d 143, 148 (6th Cir.) (en banc), cert. denied, 474 U.S. 1033, 106 S.Ct. 594 (1985).
 
 
 7
 We conclude that the district court did not abuse its discretion in holding Elias in civil contempt. See In re Grand Jury Proceedings (Doe), 801 F.2d at 1167.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel unanimously agrees that this case is appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a) and Ninth Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3