# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1043

_____

In re:  Grand Jury Subpoena

\* Appeal from the United States
\* District Court for the Eastern
\* District of Arkansas.
\*
\* [UNPUBLISHED]

_____

Submitted:  September 12, 2003

Filed:  September 18, 2003

_____

Before BYE, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

As custodian of records for Liberty Construction Co., Inc. and as agent for JJJ
Properties Ltd., Inc., Janet Shrader was served with two subpoenas duces tecum to
produce business records.  Shrader moved to quash the subpoenas asserting her Fifth
Amendment privilege.  The district court* denied the motion to quash and ordered
Shrader to produce the documents requested.  When Shrader appeared before the
grand jury, she refused to produce any documents.  The district court held Shrader in
contempt, and Shrader appeals.

_____

*The Honorable James M. Moody, United States District Judge for the Eastern
District of Arkansas.

Shrader argues she should not be held in contempt for asserting her Fifth Amendment privilege against self-incrimination. For the purposes of this privilege, however, corporations are treated differently from individuals. Braswell v. United States, 487 U.S. 99, 104 (1988). The Fifth Amendment privilege applies only to natural individuals and protects only private papers. Id. at 107. Requiring a corporate agent to produce corporate documents damaging to the corporation or to the agent personally does not violate the Fifth Amendment. Id. at 107-09; In re Grand Jury Subpoena, 784 F.2d 857, 861 (8th Cir. 1986). Nor does a custodian's execution of a certificate of authenticity violate the Fifth Amendment privilege against self-incrimination. Curcio v. United States, 354 U.S. 118, 125 (1957).

Shrader asserts that because the corporate charter of Liberty Construction has been revoked, Shrader is no longer the corporation's agent or custodian of record, and her production of the records would be in her personal capacity, violating her Fifth Amendment privilege. We disagree. Dissolution of a corporation does not give the record custodian any greater claim to the Fifth Amendment privilege than if the corporation were active. Bellis v. United States, 417 U.S. 85, 96 n.3 (1974). Shrader also contends the Government has failed to show she is an agent of JJJ Properties or the corporate records custodian, and thus any production of documents would be in her personal capacity. We reject this contention as well. The district court properly found Shrader was a corporate agent of JJJ Properties because she received tax documents concerning corporate property.

Because the district court did not abuse its discretion in holding Shrader in contempt for failing to produce the corporate records, we affirm. Although Shrader cannot resist the subpoena on the ground her production of the records will be personally incriminating, Shrader may challenge an attempt to implicate her arising from her production by filing a motion to suppress. See Braswell, 487 U.S. at 117-18.

_____